IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACK OLDHAM,

                Petitioner,                      ORDER

    v.                                           08-cv-0036-bbc

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                Respondent.

---

      Before the court is petitioner's second motion for leave to conduct discovery. This motion is similar to a motion that I denied on February 28, 2008, on the ground that petitioner failed to specify why he needed the requested documents. Although the instant motion sheds a bit more light on petitioner's reasons, it too will be denied.

      It appears that the documents that petitioner wants do not relate directly to the conviction that he is challenging in the instant habeas proceeding, Clark County Case 02-CF-138, but to a prior conviction, Clark County Case 88-CF-44. From petitioner's motion for discovery and other documents he has filed in this case, I infer that petitioner wants these documents to prove that he is innocent of the sexual assault for which he was convicted in the 1988 case. According to petitioner, his prior conviction is relevant to the 2002 case because, had he gone to trial in that case, the state would have used his 1988 conviction to impeach him. Petitioner also wants a copy of the presentence investigation report from the

1988 case. He alleges that the presentence investigation report on which the court relied at sentencing in the 2002 case was the "same" as the one prepared in the 1988 case, only it had a different case caption. According to petitioner, this use of the 1988 presentence investigation in both cases violated the bar against double jeopardy.

Petitioner has not shown good cause for an order permitting discovery. The underlying facts, if proven, do not constitute a cognizable constitutional violation. *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004). As an initial matter, petitioner cannot challenge the validity of his prior conviction in this habeas corpus proceeding, even if the old conviction was used to enhance his current sentence. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) (defendant generally may not challenge enhanced sentence through petition under § 2254 on ground that prior conviction was unconstitutionally obtained). To the extent that petitioner is contending that the state's threat to use this prior conviction to impeach him at trial amounted to a constitutional deprivation, he waived this claim when he entered a no contest plea. *State v. Kazee*, 192 Wis.2d 213, 219, 531 N.W.2d 332 (Ct. App. 1995) (plea of guilty or no contest waives all nonjurisdictional defects and defenses); *United States v. Rogers*, 387 F.3d 925, 932 (7th Cir. 2004) (same). Finally, the fact that petitioner might have considered the risk of such impeachment in deciding to forgo a trial does not show that his plea in 02-CF-138 was coerced or involuntary. *McMann v. Richardson*, 397 U.S. 759, 760 (1970) (decision to plead guilty before evidence is in "frequently involves the making of difficult judgments" that do

not affect whether plea was intelligently made). Accordingly, the police reports, investigator reports and court records from the 1988 case are not relevant to petitioner's challenge to the constitutionality of his conviction in the 2002 case.

As for the presentence investigation report, petitioner's allegations do not establish a constitutional violation even if he is correct that the court used the report from the 1988 case when it sentenced him on the 2002 case. As the state court of appeals explained, a defendant's prior record is a relevant factor that the court should consider at sentencing. Simply because the court took petitioner's prior conviction into account does not establish that petitioner was convicted of the same crime twice in violation of the Double Jeopardy Clause.

For these reasons, petitioner's motion for discovery is denied. I note that petitioner has not filed any reply to the state's answer to the petition. His deadline for doing so expired on March 5, 2008. I will assume, however, that petitioner was waiting to file his reply in the hopes that the court would grant his motion for discovery. Now that the court has denied his motion, petitioner should file his reply. I will give him until April 11, 2008, in which to do so.

Finally, on March 18, 2008, petitioner filed a motion for leave to proceed *in forma pauperis*. It is unclear why petitioner filed this motion. In his order to show cause, Judge Shabaz indicated that petitioner had paid the five dollar filing fee. Accordingly, I will take no action on the motion.

ORDER

IT IS ORDERED that petitioner's motion for leave to conduct discovery (dkt. #12) is DENIED.  Petitioner's deadline for filing his reply to the state's answer is extended to April 11, 2008.

Entered this 27${}^{th}$ day of March, 2008.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge