IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACK C. OLDHAM,

                        Petitioner,          REPORT AND RECOMMENDATION

    v.

MICHAEL THURMER, Warden,            08-cv-36-bbc
Waupun Correctional Institution,

                    Respondent.

---

Petitioner Jack C. Oldham's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 has been reassigned to District Judge Barbara Crabb, who has referred the petition to me for report and recommendation.

Petitioner, an inmate at the Waupun Correctional Institution, challenges his custody resulting from his 2004 sexual assault conviction in the Circuit Court for Clark County. Petitioner contends that he is in custody in violation of the laws and Constitution of the United States because:  1) his lawyer "coerced" him into entering into the plea by failing to develop a defense, failing to obtain court records relating to petitioner's  previous conviction and by advising him to accept a plea agreement (Grounds 1 and 2); 2) the prosecutor committed misconduct by threatening to impeach petitioner with the prior conviction if he went to trial and by fabricating a DNA test report that falsely incriminated petitioner (Ground 3); and 3) the court violated the prohibition against double jeopardy when it considered the presentence investigation report from a prior case when sentencing petitioner (Ground 4).  Respondent concedes that petitioner fairly presented these issues to the state court and that he filed his federal habeas petition within the one year limitations period set out in 28 U.S.C. § 2244(d).

He argues that the petition should be denied on the merits.  I agree.  Petitioner's allegations have no basis in either law or fact.  Accordingly, I am recommending that the court deny the petition.

From the record before the court, I determine that the facts are as follows.

FACTS

In August 2002, the state charged petitioner in the Circuit Court of Clark County with the offense of repeatedly sexually assaulting a child under the age of 16 between July 1, 2002 and August 13, 2003.  That charge was later amended to allege that the child was under the age of 13.  Trial was set for November 3, 2003 but petitioner failed to appear, prompting the state to file an additional complaint charging petitioner with four counts of felony bail jumping. Petitioner was arrested some months later and, after a preliminary hearing, bound over for trial.

On August 16, 2004, petitioner appeared with his attorney for a plea hearing.  Pursuant to a plea agreement, petitioner was to plead to the amended information charging  sexual abuse of a child under the age of 13 and one count of felony bail jumping; in exchange, the state would dismiss the remaining three counts of bail jumping and charges pending in other cases.  A presentence investigation would be ordered and the parties were free to argue sentence.  Before entering his pleas, petitioner filled out and signed a plea questionnaire, indicating that he understood the plea agreement, the constitutional rights he was giving up by entering a plea, the elements of the charges, the potential sentence he was facing and the consequences of his plea. Petitioner's lawyer also signed the plea questionnaire.

Petitioner's lawyer stated at the plea hearing that one of the reasons petitioner was agreeing to enter into a plea agreement was to spare the child and her mother from having to

testify at trial.  Counsel stated that he was satisfied from reviewing the discovery materials that had been provided to him and his conversation with petitioner that a factual basis existed for the plea.  In response to questions from the court, petitioner said he agreed with his lawyer's statements.  He indicated that the had read through the plea questionnaire and waiver form and discussed it with his lawyer and that he had no questions about the plea agreement.  He told the court he understood the rights he was waiving by entering a plea and the potential penalties he was facing and that he was satisfied with his lawyer's performance.  The court accepted petitioner's plea and ordered a presentence investigation.

Petitioner appeared for sentencing on November 12, 2004.  The court adopted the state's recommendation and sentenced petitioner 30 years' initial confinement followed by 10 years' extended supervision on the sexual assault offense.  It imposed a consecutive sentence of two years' initial confinement followed by two years' extended supervision for the bail jumping offense.

Pursuant to petitioner's notice of his intent to appeal, the state public defender's office appointed a new lawyer to represent petitioner.  That lawyer filed a "no merit" report in the court of appeals in which he raised a number of potential issues and explained why he believed none had any merit.  Petitioner filed a response, claiming, among other things, that he was "backed into a corner" by the prosecutor, the court violated the double jeopardy clause by considering petitioner's prior record in deciding sentence and  the DNA test results were fabricated.  Petitioner also complained about the conduct of the judge and his defense attorney.  In an opinion and order issued May 23, 2006, the Wisconsin Court of Appeals determined that none of the potential issues raised by counsel or petitioner had any merit.  *State v. Oldham*,

2005AP2005-CRNM and 2005AP2006-CRNM (Ct. App. May 23, 2006), attached to dkt. #8, exh. B.  The court also explained that it had found no other meritorious issues upon its own review of the record.

On August 30, 2006, the Wisconsin Supreme Court denied petitioner's petition for review.

ANALYSIS

In his answer to the petition, respondent argues that petitioner's claims should be denied under 28 U.S.C. § 2254(d).  This statute provides that a federal court cannot overturn a state court judgment on any claim that has been adjudicated on its merits in the state courts unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  However, it is difficult to apply this standard in this case because respondent has not provided a copy of petitioner's response to the no merit report, making it difficult to ascertain whether the claims the state courts adjudicated are the same claims petitioner appears to be raising in his habeas petition.  This task is further complicated by petitioner's own submissions, which are rambling and largely incomprehensible.  In any case, whether petitioner's claims are reviewed with deference to the state courts or under the more lenient "as law and justice require" standard of 28 U.S.C. § 2243, *see Canaan v. McBride*, 395 F.3d 376, 382-83 (7th Cir. 2005), the result is the same:  the petition must be denied.  Having carefully reviewed all of petitioner's submissions, it is plain that none of his claims has any merit.

Several of petitioner's challenges relate to his prior conviction in 1988 for sexual assault. First, he faults his defense lawyer in the 2002 case for failing to challenge that old conviction. However, a defendant may not attack a prior conviction in a subsequent enhanced sentence proceeding unless the offender alleges a violation of his constitutional right to counsel in the prior proceeding. *State v. Hahn*, 2000 WI 118, 238 Wis.2d 889, 618 N.W.2d 528. Petitioner acknowledges that he had a lawyer in the 1988 case. Accordingly, his lawyer in the subsequent 2002 case was not ineffective for failing to attack the 1988 conviction. *Strickland v. Washington*, 466 U.S. 668, 691 (1984) (counsel's reasonable decision not to investigate does not constitute deficient performance).

Second, petitioner complains that the prosecutor threatened to impeach him with evidence of the 1988 conviction if petitioner testified at trial and that this threat caused petitioner to enter a plea. Wisconsin Stat. Rule 906.09 provides that "[f]or the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime . . . is admissible." Thus, the prosecutor committed no wrongdoing when he informed petitioner that he would seek to use petitioner's prior conviction to impeach him if he testified at trial. Further, as I explained in my order denying petitioner's second motion for discovery, the fact that petitioner might have considered the risk of such impeachment in deciding to forego a trial does not show that his plea in 02-CF-138 was coerced or involuntary. As the Supreme Court explained in *McMann v. Richardson*, 397 U.S. 759, 760 (1970), the decision to plead guilty before the evidence is in "frequently involves the making of difficult judgments" that do not affect whether the plea was intelligently made. That the jury might not believe petitioner if they learned of his prior conviction was a legitimate factor for petitioner to consider in

5

deciding whether to plead or go to trial, but it does not show that his plea was not a rational, voluntary choice among the options available to him. *Brady v. United States*, 397 U.S. 742, 750 (1970) (otherwise valid plea not involuntary because induced by defendant's desire to limit possible maximum penalty to less than that authorized if there was jury trial). Petitioner makes other general assertions that his plea was involuntary because he was "pressured" into it and not "in his right mind," but these are merely conclusory allegations that fail to suggest any real possibility that petitioner was deprived of his constitutional rights.

Third, petitioner argues that the trial court's consideration of his conviction in the 1988 case when sentencing petitioner on the 2002 case violated the Double Jeopardy Clause. The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant in three ways. The first two protections bar the executive branch (in this case, the state) from prosecuting a person a second time for an offense after he has been convicted or acquitted of that offense. *McCloud v. Deppisch*, 409 F.3d 869, 873 (7th Cir. 2005). The third protects the defendant against multiple punishments for the same offense imposed in a single proceeding. *Id*. This third protection is limited, however, in that multiple punishments for the same offense are prohibited only if that punishment was not authorized by the legislative branch. *Id*.

Petitioner does not contend that the state prosecuted him twice for the 1988 offense, so the first two protections are not implicated. Rather, he appears to contend that in relying on his 1988 offense as a basis to impose a more harsh sentence on the 2002 offense, the court "punished" him twice for the 1988 offense. This is not a double jeopardy violation. A defendant's prior record is a relevant factor for the court to consider in imposing sentence. *Harris v. State*, 75 Wis. 2d 513, 519, 250 N.W. 2d 7 (1977). Petitioner does not contend that

the court relied solely on his 1988 conviction, imposed a sentence in excess of the statutory maximum or abused its discretion when it sentenced him. Petitioner alleges that the presentence investigation report submitted to the court on the 2002 case was a duplicate of the report submitted on the 1988 case, but there is not a scintilla of evidence in the record to support this assertion. Furthermore, when it reviewed petitioner's sentence, the state appellate court found that the circuit court had considered all of the appropriate factors and had imposed a sentence that was "reasoned and reasonable." *State v. Oldham*, Opinion and Order, May 23, 2006, at 2. Having reviewed the transcript of the sentencing hearing, I agree that the court considered the appropriate sentencing factors and articulated a rational basis for the sentence it imposed. Accordingly, petitioner is not entitled to habeas relief on his double jeopardy claim.

This leaves petitioner's claims that the prosecutor fabricated a DNA test report that falsely incriminated petitioner. Petitioner has not supported this claim with any facts. His allegation that the DNA test result report was fabricated is based solely on the fact that the report makes one reference to the specimen as having come from "James. C. Oldham" rather than "Jack C. Oldham." (A previous reference refers to the specimen as having come from "Jack C. Oldham".) The state court of appeals found that it was clear that the reference to James C. Oldham was a typographical error. To refute this finding, petitioner must present clear and convincing evidence, which he has not done. 28 U.S.C. § 2254(e) (state court findings of fact presumed correct unless refuted with clear and convincing evidence). His allegation that there was a labeling mix-up in the laboratory and that the specimen actually came from James Oldham and not him is nothing more than speculation.

RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1)(B), I respectfully recommend that the petition of Jack

Oldham for a writ of habeas petition be DENIED.


Entered this 19th day of June, 2008.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

120 N. Henry Street, Rm. 540
Post Office Box 591
Madison, Wisconsin 53701

Chambers of                                                                        Telephone
STEPHEN L. CROCKER                                                          (608) 264-5153
U.S. Magistrate Judge

June 19, 2008

Jack Oldham
Reg. No. 047145
P.O. Box 351
Waupun, WI 53963-0351

Katherine Lloyd Tripp
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI 53707

              Re:____Oldham v. Thurmer
                     Case No. 08-cv-36-bbc

Dear Mr. Oldham and Attorney Lloyd Tripp:

        The attached Report and Recommendation has been filed with the court by the
United States Magistrate Judge.

        The court will delay consideration of the Report in order to give the parties an
opportunity to comment on the magistrate judge's recommendations.

        In accordance with the provisions set forth in the newly-updated memorandum of the
Clerk of Court for this district which is also enclosed, objections to any portion of the report
may be raised by either party on or before July 7, 2008, by filing a memorandum with the
court with a copy to opposing counsel.

        If no memorandum is received by July 7, 2008, the court will proceed to consider the
magistrate judge's Report and Recommendation.

                                                Sincerely,

                                                /s/

                                                Connie A. Korth
                                                Secretary to Magistrate Judge Crocker

Enclosures
cc:     Honorable Barbara B. Crabb, District Judge

9

MEMORANDUM REGARDING REPORTS AND RECOMMENDATIONS

Pursuant to 28 U.S.C. § 636(b), the district judges of this court have designated the full-time magistrate judge to submit to them proposed findings of fact and recommendations for disposition by the district judges of motions seeking:

(1) injunctive relief;

(2) judgment on the pleadings;

(3) summary judgment;

(4) to dismiss or quash an indictment or information;

(5) to suppress evidence in a criminal case;

(6) to dismiss or to permit maintenance of a class action;

(7) to dismiss for failure to state a claim upon which relief can be granted;

(8) to dismiss actions involuntarily; and

(9) applications for post-trial relief made by individuals convicted of criminal offenses.

Pursuant to § 636(b)(1)(B) and (C), the magistrate judge will conduct any necessary hearings and will file and serve a report and recommendation setting forth his proposed findings of fact and recommended disposition of each motion.

Any party may object to the magistrate judge's findings of fact and recommended disposition by filing and serving written objections not later than the date specified by the court in the report and recommendation.  Any written objection must identify specifically all proposed findings of fact and all proposed conclusions of law to which the party objects and must set forth

with particularity the bases for these objections.  An objecting party shall serve and file a copy of the transcript of those portions of any evidentiary hearing relevant to the proposed findings or conclusions to which that party is objection.  Upon a party's showing of good cause, the district judge or magistrate judge may extend the deadline for filing and serving objections.

     After the time to object has passed, the clerk of court shall transmit to the district judge the magistrate judge's report and recommendation along with any objections to it.

     The district judge shall review de novo those portions of the report and recommendation to which a party objects.  The district judge, in his or her discretion, may review portions of the report and recommendation to which there is no objection.  The district judge may accept, reject or modify, in whole or in part, the magistrate judge's proposed findings and conclusions.  The district judge, in his or her discretion, may conduct a hearing, receive additional evidence, recall witnesses, recommit the matter to the magistrate judge, or make a determination based on the record developed before the magistrate judge.

     **NOTE WELL: A party's failure to file timely, specific objections to the magistrate's proposed findings of fact and conclusions of law constitutes waiver of that party's right to appeal to the United States Court of Appeals.  *See United States v. Hall,* 462 F.3d 684, 688 (7ᵗʰ Cir. 2006).**