IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JACK C. OLDHAM,

                                                                                               ORDER

                          Petitioner,

                                                                                             08-cv-36-bbc

    v.

MICHAEL THURMER, Warden,
Waupun Correctional Institution,

                         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Jack C. Oldham has filed objections to a report issued by United States Magistrate Judge Stephen L. Crocker on June 19, 2008, in which the magistrate judge recommend denial of the petition for a writ of habeas corpus that petitioner filed under 28 U.S.C. § 2254. Petitioner contends that he was convicted and sentenced unconstitutionally when his attorney failed to challenge a previous conviction and coerced him into entering a plea of guilty; the prosecutor threatened improperly to impeach petitioner with his prior conviction if he went to trial and fabricated a DNA test report; and the court violated the prohibition against double jeopardy when it considered petitioner's prior conviction in sentencing him.

1

As the magistrate judge explained, none of these allegations stands up to scrutiny. Petitioner's trial counsel cannot be faulted for failing to challenge the legitimacy of a prior conviction in a subsequent proceeding because defendant acknowledges that he had counsel in the prior proceeding. Only a uncounseled prior conviction can be attacked in a subsequent proceeding; otherwise, the prior conviction stands until it is attacked directly (and successfully) in the court in which it took place.

Petitioner has adduced no evidence that his attorney "coerced" him into pleading guilty and his statements to the court at the time of his plea hearing show no reluctance on his part to enter a plea. The prosecutor's threat to impeach petitioner with his prior conviction was within the bounds of propriety and good advice. Any witness who takes the stand to testify may be impeached by a prior conviction; petitioner was not exempt from such impeachment. Wis. Stat. Rule 906.09. Petitioner may have felt pressure to enter his plea knowing that his prior conviction could be used to impeach him but the pressure was not the result of any improper act by his own attorney or the prosecutor. Rather, it was the consequence of his own previous wrongdoing.

Petitioner's incantation of the double jeopardy clause does not prove that he was subjected to unconstitutional double jeopardy when the judge considered his prior sentence for criminal acts committed in 1988 in sentencing petitioner on the crime he committed in 2002. Petitioner was not prosecuted a second time for the 1988 offense or punished twice

2

for the same offense.  The court merely took into account his prior conviction in deciding what length of sentence would be proper for the 2002 offense.  This was perfectly proper because a defendant's prior criminal activity is always an appropriate consideration in fashioning a sentence.  It helps the judge predict the defendant's likelihood of reoffending.

Finally, petitioner dwells on the possibility that the state crime lab substituted someone else's DNA sample for his.  Petitioner offers no proof that this is what happened in fact; he simply notes that the lab report referred to "James C. Oldham" rather than "Jack C. Oldham" at one point.  The state court of appeals found that this was probably a typographical error.  Certainly, it was not evidence of substitution in and of itself.  If petitioner believed that substitution of the samples had taken place, it was up to him to adduce some additional evidence to support his belief.  Mere speculation does not carry the day.

In short, it is clear that petitioner has no basis on which to argue that his state prosecution was unconstitutional in any respect.  The magistrate judge reached the right decision when he recommended denial of the petition.


ORDER

IT IS ORDERED that the recommendation of the magistrate judge to deny petitioner Jack C. Oldham's petition for a writ of habeas corpus is ADOPTED by the court and the

3

petition is DENIED.

Entered this 15th day of July, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

4